PATRICK E. HIGGINBOTHAM, Circuit Judge:
The United States appeals the judgment of a federal district court granting summary judgment to the defendants-appel-lees, relatives of Turner Hunt Lewis, the disposition of whose estate forms the basis of this case. This is the second time these parties have come before us. They are differently arranged than they were the previous time, when another panel of this court dismissed the claim for lack of subject matter jurisdiction.[1] We will affirm the district court’s rejection of the government’s claims.
This court’s earlier opinion presented the factual scenario and legal backdrop, but we review the basics. The story begins in the late 1980s, when Caroline Hunt and her husband Nelson filed for bankruptcy and, in light of their inability to pay sizeable back taxes owed to the I.R.S., reached an agreement providing, in relevant part, that any future monies inherited by Caroline would be turned over in partial payment of her tax debt, up to the total of $90 million, the amount of the I.R.S.’s non-dischargeable bankruptcy claim.[2]
Caroline was a niece of the unmarried, childless, and intestate 84-year-old Turner Hunt Lewis, who upon his death stood to leave a significant sum to his heirs. Taking her place among Lewis’s closest surviving relatives, Caroline would have inherited nearly $5 million, a third of his fortune, upon his death. However, six days before Lewis died on October 13, 2002 of the severe pneumonia from which he had been suffering for months, two of his nephews petitioned for interdiction, and they received an immediate, seven-day temporary order of interdiction on October 7. They were appointed his curators.[3] A hearing that would have considered extending interdiction was scheduled for October 14, but was rendered moot by Lewis’s passing the day before. During the term of interdiction, Lewis’s curators established a trust in Lewis’s name, transferred all of his assets into it, and, in the action here challenged by the I.R.S., provided that upon Lewis’s death, “Any property that would have devolved to Caroline Lewis Hunt shall vest in her descendants as if she predeceased Turner Hunt Lewis.” The Louisiana court approved this course of action by a judgment of homologation; the I.R.S. was not notified of any of the proceedings.
The effect, and presumably the intent, of this course of action was to pass the estate to family who had no such tax obligation. Its legality is challenged here. The government has filed this federal suit claiming that the curators’ course of action was in fact contrary to Louisiana state law and that we should protect its rights by strik *681 ing down the trust provision in favor of Caroline’s descendants and awarding Caroline the money she should have inherited, to be remitted to the I.R.S. according to the 1989 agreement.
We confess the considerable difficulty of understanding the basis under which this claim proceeds. In answering this question, we note what the United States has not alleged. The United States has not argued that any party committed tax fraud or violated any other specific internal revenue law with relation to the Turner Hunt Lewis Trust. The United States does not argue that Caroline or Nelson Hunt violated their agreement with the I.R.S. In essence, the government asks that we sit as a general court of review for a seven year old Louisiana district court trust law decision because it has the ultimate effect of redirecting the path of funds to a path beyond the reach of the federal government.
But the government has no claim to money that Caroline Hunt did not inherit, and the state court judgment decided no right of the government. Rather, it decided the authority of Lewis’s representatives to dispose of his property. Had Turner Hunt Lewis omitted Caroline Hunt from his will, the government would have had no recourse. His representatives did omit her. If their decision was effective, the matter ends. And a solemn judgment of a Louisiana state court with jurisdiction over the interdiction approved the omission of Caroline Hunt and is unchallenged. We see no reasoned basis for our authority to review that judgment and the I.R.S. offers none.
The government’s creditor relationship with the interdiction and state court judgment raises questions of standing and failure to state a claim. These issues are here not easily disentangled. Congress has given the I.R.S. access to federal courts to collect taxes, and — while this case pushes the outer limits of that license — we will reach the merits and affirm the district court’s rejection of the government’s claim. Ultimately, the government is unable to demonstrate any entitlement to the disputed moneys by virtue of its contract with Caroline Hunt.
AFFIRMED.

. Lewis v. Hunt, 492 F.3d 565 (5th Cir.2007) (dismissing claims against the United States on jurisdictional grounds).

. The Northern District of Texas bankruptcy court approved the arrangement on December 18, 1989. The I.R.S. had made assessments against the Hunts for eight years of unpaid income taxes as well as other tax-based activity; the total assessment was over $112 million.

.Richard N. Lewis was appointed Curator, and William J. Lewis Undercurator. The two also served as trustees of the Turner Hunt Lewis Trust, which they established as curators.